## WELDON et al. v. UNITED STATES.
### No. 12818.

United States Court of Appeals,
Ninth Circuit.

May 17, 1952.

Rehearing Denied June 18, 1952.

Clarence Harden, Crandall Condra, San Diego, Cal., for appellants.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Chief, Criminal Division, Norman W. Neukom, Chief Trial Asst., all of Los Angeles, Cal., for appellee.

Before MATHEWS and ORR, Circuit Judges, and YANKWICH, District Judge.

MATHEWS, Circuit Judge.

Prior to June 10, 1950, in the United States District Court for the Southern District of California, Seth J. A. Weldon, hereafter called Seth, was adjudged a bankrupt. On July 13, 1950, before a United States commissioner for the Southern District of California, a complaint was made upon oath by Wilbur L. Martindale, a special agent of the Federal Bureau of Investigation, stating that "on or about June 10, 1950, at San Diego in the Southern District of California, [Seth] did knowingly and fraudulently conceal from the creditors of [his bankrupt estate] property belonging to said bankrupt estate"—a violation of 18 U.S.C.A. § 152.[1] Thereupon, on July 13, 1950, the commissioner issued a warrant for Seth's arrest and delivered it to Agent Martindale for execution. On July 14, 1950, Agent Martindale, assisted by three other special agents of the Federal Bureau of Investigation—William J. Geierman, Ivan D. Haack and Charles B. Flack, Jr.—executed the warrant by arresting Seth. Thereafter, on July 14, 1950, Seth was taken before the commissioner and was admitted to and released on bail. He has not been indicted or informed against.

The arrest was made at an apartment occupied by Seth and his wife, Dorothy Weldon, hereafter called Dorothy, as their home. At the time of making the arrest,

1. Section 152 provides: "Whoever knowingly and fraudulently conceals * * * from creditors in any bankruptcy proceeding, any property belonging to the estate of a bankrupt * * *

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Agent Martindale, assisted by Agents Geierman, Haack and Flack, searched the apartment and found and seized $928.51, a cigarette case, an index card and two bills of sale—one showing a sale of furniture and one showing a sale of an automobile.

On October 17, 1950, Seth petitioned the District Court to direct that a part of the seized property ($28.51 and the index card) be returned to him, that the remainder of the seized property ($900, the cigarette case and the two bills of sale) be returned to Dorothy, and that all the seized property be suppressed as evidence. On November 15, 1950, Dorothy petitioned the District Court to direct that a part of the seized property ($900, the cigarette case and the bill of sale showing the sale of an automobile) be returned to her. The petitions[2] alleged that all the seized property was illegally seized and taken from the possession of Seth and Dorothy without a search warrant, without their consent and against their will, and that there was no probable cause for the issuance of a search warrant or for the seizure or the taking.

The petitions were captioned "United States of America, plaintiff, vs. Seth J. A. Weldon, defendant," as if they were merely incidental to a pending criminal action against Seth in the District Court. If Seth had been indicted or informed against, and if the resulting criminal action had been pending when the petitions were filed, Seth's petition would have been merely incidental to the criminal action,[3] but Dorothy's petition would have been an independent proceeding, she being a stranger to the criminal action.[4]

Actually, as stated above, Seth was not indicted or informed against. Hence no criminal action was pending against him when the petitions were filed. Hence both petitions were independent proceedings.[5] Obviously, these were civil proceedings—in effect, civil actions to recover personal property and to enjoin an allegedly wrongful use thereof.[6]

On December 8, 1950, there was filed with the clerk of the District Court an unsigned typewritten paper, labeled "Minute order," which purported to deny the petitions. On December 18, 1950, Seth and Dorothy took this appeal by filing with the clerk of the District Court a notice of appeal which stated, in substance, that they appealed from an order of the District Court made on December 8, 1950, denying the petitions. There was no order, other than the so-called minute order, denying or purporting to deny the petitions. It is clear, therefore, that this appeal is from the so-called minute order.

As indicated above, the petitions were not merely incidental to a pending criminal action, but were independent proceedings. Hence, if an order of the District Court granting or denying the petitions had been entered, it would have been a final decision, within the meaning of 28 U.S.C.A. § 1291, and would have been appealable.[7]

However, this appeal is not from such an order, but is from the so-called minute

---

2. Seth's petition was labeled "Motion for suppression of evidence and return of seized property." Dorothy's petition was labeled "Motion to return seized property." However, in the petitions, Seth and Dorothy were called petitioners. In the so-called minute order and in the notice of appeal, later referred to in this opinion, the petitions were called petitions.

3. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Marquette, 9 Cir., 270 F. 214; Jacobs v. United States, 9 Cir., 8 F.2d 981; United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200.

4. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374.

5. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Go-Bart Importing Co. v. United States, supra; Freeman v. United States, 9 Cir., 160 F.2d 69; Id., 9 Cir., 160 F.2d 72; United States v. Poller, 2 Cir., 43 F.2d 911; In re Milburne, 2 Cir., 77 F.2d 310; In re Sana Laboratories, 3 Cir., 115 F.2d 717; Cheng Wai v. United States, 2 Cir., 125 F.2d 915.

6. Cf. Dowling v. Collins, 6 Cir., 10 F.2d 62; Goodman v. Lane, 8 Cir., 48 F.2d 32.

7. See cases cited in footnote 5.

order—an unsigned typewritten paper filed with the clerk of the District Court. The record [8] does not show that the District Court or any judge thereof wrote or filed the so-called minute order or caused it to be written or filed or directed that it be entered. Hence it cannot be regarded as an order of the District Court. Even if it were so regarded, this appeal would have to be dismissed, for the so-called minute order was never noted in the civil docket of the District Court, which is to say, it was never entered and hence never became effective or appealable.[9]

Appeal dismissed.

---

8. The record here consists of a record on appeal filed with the clerk of this court on January 24, 1951, and a supplemental record on appeal filed with the clerk of this court on May 7, 1952.

9. See 28 U.S.C.A. § 2107; Rules 54(a), 58, 73(a) and 79(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Wright v. Gibson, 9 Cir., 128 F.2d 865; Uhl v. Dalton, 9 Cir., 151 F.2d 502; Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 182 F. 2d 146.