878 F.2d 383
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl YOUNG, Defendant-Appellant.
 No. 89-1013.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellant has not filed a brief.
 
 
 2
 This pro se prisoner, Darryl Young, moves to proceed in forma pauperis and appeals from the district court's order denying his Fed.R.Crim.P. 41(e) motion for return of property as Young's remedy is by appropriate post-judgment motion.
 
 
 3
 Young claimed that he was entitled to the return of his property which drug enforcement agency agents seized while searching an apartment. In its response, the government asserted that Young was initially present at the apartment, but fled and was later captured in a different apartment. Young was subsequently released from custody and fled to California. Although indicted on December 7, 1982, he remained a fugitive until he surrendered in May 1987. He pled guilty and was sentenced in August 1987. A default judgment of forfeiture was entered on November 23, 1982. The government asserts that a notice of this judgment had been sent to Roxanne Bailey on June 2, 1982 because the property was seized from an apartment rented in her name. Neither Bailey nor Young responded to this notice.
 
 
 4
 After reviewing Young's response, the government's reply, Young's supplemental motion, the magistrate's report and recommendation, and Young's objections, the district court denied the motion for return of property.
 
 
 5
 Upon consideration, we conclude that the district court correctly denied Young's motion. The trial court, in the interests of judicial efficiency, is permitted to resolve disputes regarding seized property once the criminal proceedings have terminated. See Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983). Because Young's motion was made at a time when the criminal proceeding was no longer pending, the request for return of the seized property is a civil equitable proceeding, notwithstanding the fact that the motion was styled under Fed.R.Crim.P. 41(e). See United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir.1987).
 
 
 6
 For these reasons, the motion for in forma pauperis status is denied. The motion for return of property was properly denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.