In the Matter of the SEARCH OF 6731 KENNEDY AVE., HAMMOND, INDIANA, The Gainer Bank, Safe Deposit Boxes in the Name of Clifton Webb, The Bank of Highland, Safe Deposit Boxes in the Name of Michael Walton, Corapace.

Nos. H 90–65R, H 90–66R, H 90–69R and H 90–70R.

United States District Court, N.D. Indiana, Hammond Division.

June 15, 1990.

John F. Hoehner, Acting U.S. Atty., Hammond, Ind., for plaintiff.

Patrick A. Tuite, Chicago, Ill., for defendant.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Return of Property filed by Michael Walton on March 22, 1990. For the reasons set forth below, the Motion is Dismissed for lack of subject matter jurisdiction.

### Background

On February 20, 1990, agents of the Federal Bureau of Investigation filed probable cause affidavits seeking search warrants for certain property owned by the petitioner, Michael Walton. In particular, search warrants were sought for Walton's residence at 6731 Kennedy Avenue, Hammond, Indiana, his business located at the same address, a safe deposit box at the Gainer Bank in Hammond, Indiana, and a safe deposit box at the Bank of Highland in Highland, Indiana. After reviewing the affidavits, this Court determined that probable cause existed and issued four separate search warrants. In accordance with local practice, the search warrants were assigned cause numbers on the Magistrate's docket and not the criminal docket of the district court. The FBI executed the search warrants on February 20 and 21, 1990, and a return containing an inventory of the items seized was filed on February 21 and March 2, 1990. The pending motion seeks the return of the property seized by the FBI.

### Discussion

Although the searches were conducted on February 20 and 21, 1990, no indictment has been returned to date. Therefore, no criminal charges are pending against Walton on the district court criminal docket. The pending motion was filed under the cause number assigned to the search warrants. Under Federal Rule of Criminal Procedure 41(e), a motion seeking the return of seized property may be filed either before or after an indictment has been returned. Criminal Rule 41(e) provides:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Therefore, a motion seeking the return of seized property may be filed either in the pending criminal case or as an independent civil action.

According to the Notes of Advisory Committee prepared at the time the rules were enacted, Rule 41(e) required the motion to be filed with the district court:

While under existing law a motion to suppress evidence or to compel return of property obtained by an illegal search and seizure may be made either before a

commissioner[1] subject to review by the court on motion, or before the court, the rule provides that such motion may be made only before the court. The purpose is to prevent multiplication of proceedings and to bring the matter before the court in the first instance. While during the life of the Eighteenth Amendment when such motions were numerous it was a common practice in some districts for commissioners to hear such motions, the prevailing practice at the present time is to make such motions before the district court. This practice, which is deemed to be preferable, is embodied in the rule. (footnote added)

If there was any doubt concerning the jurisdiction of a magistrate, in 1989 Rule 41(e) was amended to its present form, and the word "judge" in the second sentence was changed to "court". The 1989 Notes provided an explanation for the amendment:

> The word "judge" is changed to "court" in the second sentence of subdivision (e) to clarify that a magistrate may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge.

This Court does not have jurisdiction to consider the merits of a motion seeking the return of seized property filed under the cause number on the Magistrate's docket.

Since no charges are pending on the district court criminal docket, Walton must pursue his other remedy and file a civil case. In *Klitzman, Klitzman & Gallagher v. Krut*, 591 F.Supp. 258 (D.N.J.1984), the plaintiff filed a pre-indictment civil action seeking the return of office records. The district court determined that it had jurisdiction to grant the injunctive relief sought by the plaintiff:

> Where, as here, plaintiff institutes an independent action for such return, there is no question but that courts may utilize their equitable power to order pre-indictment relief.

591 F.Supp. at 266

*See also United States v. Mosquera*, 845 F.2d 1122, 1125 n. 3 (1st Cir.1988) ("return of property may be sought in a civil action"); *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15, 16 (7th Cir. 1978); *Lowrie v. United States*, 558 F.Supp. 1029, 1032 (D.Colo.1983) ("A [civil] cause of action under Rule 41(e) for return of property has been recognized as a valid cause of action ...."); and 3 Wright, *Federal Practice and Procedure*, Cr.2d, § 673 at p. 765.

Based upon the current posture of this case, this Court does not have jurisdiction to determine the Motion for Return of Property. If a post-indictment Rule 41(e) motion is filed, jurisdiction may be conferred on this Court by an appropriate order of the district court entered pursuant to 28 U.S.C. § 636(b). If a civil action is filed, jurisdiction also may be conferred on this Court by the consent of the parties pursuant to 28 U.S.C. § 636(c). Until such time, this Court has no authority to act.

---

For the foregoing reasons, the Motion for Return of Property filed by Michael Walson on March 22, 1990, is DISMISSED for lack of subject matter jurisdiction.

---

**1.** Under the current provisions of 28 U.S.C. § 631 *et seq.,* the office of commissioner has been replaced by the office of the United States Magistrate.