**June PURCELL; Russell Purcell; Shaun Purcell, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–35163.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1990 *.

Decided April 16, 1990.

As Amended July 18, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert J. Elgee, Wishney & Elgee, Boise, Idaho, for plaintiffs-appellants.

Joanne P. Rodriguez, Asst. U.S. Atty., Boise, Idaho, for defendant-appellee.

Before KOELSCH, ALARCON and RYMER, Circuit Judges.

ALARCON, Circuit Judge:

June Purcell, Russell Purcell, and Shaun Purcell appeal from the district court's order denying their request for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Purcells maintain that the district court erred in determining that their motion for return of property pursuant to Fed.R. Crim.P. 41(e) was a criminal proceeding and in denying their request for attorneys' fees under section 2412.

We must decide whether the fact that a criminal investigation is pending against a movant in a Rule 41(e) motion is sufficient to render the proceeding criminal in nature and thus bar recovery of attorneys' fees under the EAJA. We conclude that the district court erred in determining that the Rule 41(e) motion was a criminal proceeding. We reverse and remand for a hearing on the question whether the government's position was substantially justified.

## I.

In 1983, June Purcell operated a sporting goods store known as Purcell's in Boise, Idaho. She filed a bankruptcy petition for Purcell's on February 14, 1983. In October 1987, Special Agent Kenneth J. Kaminsky of the Federal Bureau of Investigation received certain information from Boise City Police Detective Richard Miller concerning Purcell's. Detective Miller stated he had seen dozens of guns in a basement vault at Purcell's while executing a state search warrant. June Purcell told Detective Miller that the guns were part of the inventory of Purcell's when the business failed. She asked Detective Miller to keep his mouth shut about the guns.

Special Agent Kaminsky reviewed the bankruptcy petition filed by June Purcell. He also interviewed the bankruptcy trustee. The trustee informed Special Agent Kaminsky that June Purcell had turned over only five guns to him for liquidation.

Special Agent Kaminsky filed an affidavit containing the foregoing facts. Special Agent Kaminsky alleged that, based on these circumstances, reasonable cause existed to believe that June Purcell was guilty of bankruptcy fraud and tax evasion. Judge Callister issued two search warrants based on Special Agent Kaminsky's affidavit.

The search warrants were executed on the following day. Approximately 265 guns, two bows, and some arrows were seized. The warrants were returned to the district court and an inventory of the property was returned to the court on October 9, 1987. On October 9, 1987, the seized weapons were delivered to the trustee in bankruptcy for the Purcell's estate.

The Purcells filed a motion pursuant to Fed.R.Crim.P. 41(e) for the return of the seized property on December 17, 1987. The government based its opposition to the motion on the grounds that it lacked legal basis and was unaccompanied by a memorandum of points and authorities as required by the local rules.

The Purcells filed a supporting brief on January 27, 1988. The Purcells argued that they were entitled to a return of the property because no criminal action was pending. On February 4, 1988, the government filed an opposition to the Purcells' Rule 41(e) motion in which it asserted that the Purcells were not entitled to the return of the weapons because they were evidence in a pending criminal investigation. On February 17, 1988, the Purcells requested that the government disclose the nature of the criminal investigation to the district court.

On March 15, 1988, the Purcells filed notices that depositions would be taken of two of the persons involved in the seizure of the weapons. The government moved to quash the notices on March 22, 1988 on the ground that the Federal Rules of Criminal Procedure apply because "this is a criminal case."

In their response to the motion to quash the notices that depositions would be taken, the Purcells argued that under *Weldon v. United States*, 196 F.2d 874 (9th Cir.1952), the Rule 41(e) motion was a civil proceeding because no criminal action against any of them was pending. The district court quashed the deposition notices on April 6, 1988. In the same order, the district court scheduled an evidentiary hearing on the Rule 41(e) motion.

On April 21, 1988, the parties tentatively agreed to a dismissal of the Rule 41(e) motion. The settlement negotiations collapsed, however, because the government objected to the dismissal order prepared by the Purcells.

On September 9, 1988, in response to an August 26, 1988 motion filed by the Purcells, the government asserted that a criminal investigation was still pending and would not be concluded for three weeks. On October 12, 1988, the government notified the district court that the criminal investigation had been closed. On October 31, 1988, the district court granted the Purcells' Rule 41(e) motion and ordered that the weapons be returned.

## II.

On November 30, 1988, the Purcells filed an application for attorneys' fees and expenses pursuant to section 2412 of the EAJA. The government opposed the application on the ground that the court had previously found that the Rule 41(e) proceedings were criminal. The district court denied the application. The court stated that the Rule 41(e) proceedings had been criminal in nature until the government completed its investigation.

## III.

The Purcells argue that the district court erred in concluding that because an investigation was pending, the Rule 41(e) proceedings were incidental to a criminal action until October 12, 1988. We agree.

■ We review a district court's decision to deny attorneys' fees under the EAJA for an abuse of discretion. *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir.1988). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based its decision." *Id.* (quoting *In re Hill*, 775 F.2d 1037, 1040 (9th Cir.1985)). An interpretation of the EAJA is reviewable *de novo. Id.*

In 1952, we held in *Weldon v. United States*, 196 F.2d 874 (9th Cir.1952), that a motion for the return of property seized by the government after a search incident to an arrest is a civil proceeding if no indictment or information is filed. *Id.* at 875. Weldon had been released on bail following his arrest and the seizure of his property. *Id.* at 874. Weldon and his wife filed motions for the return of certain property seized at the time of his arrest. Weldon was not indicted or informed against. *Id.* at 875. In discussing the nature of the proceedings for the return of the seized property, we reasoned as follows:

Actually, as stated above, [Weldon] was not indicted or informed against. Hence no criminal action was pending against him when the petitions were filed. Hence both petitions were independent proceedings. Obviously, these were civil proceedings—in effect, civil actions to recover personal property and to enjoin an allegedly wrongful use thereof.

*Id.*

In *Weldon,* a warrant had been issued for the arrest of the petitioner for knowingly and fraudulently concealing assets belonging to his bankrupt estate. *Id.* at 874. At the time of the motion for the return of petitioner's property, a criminal investigation was not only pending, but it had also resulted in his arrest. In the instant matter, none of the Purcells were arrested, indicted, or informed against as the result of the criminal investigation.

More recently, in *United States v. Martinson*, 809 F.2d 1364 (9th Cir.1987), we relied upon our *Weldon* decision for the proposition that motions to return property seized by the government when there are no criminal proceedings pending against the movant are "civil equitable proceedings even if styled as being pursuant to Fed.R. Crim.P. 41(e)." *Id.* at 1367.

■ Contrary to the government's position before the district court, the mere fact that an investigation is pending is not sufficient to convert a motion filed pursuant to Rule 41(e) into a criminal proceeding. Such a motion is not incidental to a criminal proceeding unless a criminal action has been initiated by indictment or information. We conclude, therefore, that the district court's finding that the Rule 41(e) proceeding was not a civil action because of the pendency of a criminal investigation was clearly erroneous.

■ The Purcells styled their motion as being pursuant to Fed.R.Crim.P. 41(e). Reliance on the Federal Rules of Criminal Procedure is unnecessary and misleading as to the nature of the proceedings if no indictment or information has been filed. Until criminal proceedings have been initiated against the movant by the filing of an indictment or information, motions to re-

turn property seized by the government are "civil equitable proceedings." *United States v. Martinson*, 809 F.2d at 1367. Styling such proceedings as Rule 41(e) motions when no criminal proceedings are pending can lead, as in this case, to needless waste of limited judicial resources.

## IV.

An award of attorneys' fees may be made to the prevailing party in a civil action against the United States if the position of the government was not substantially justified. 28 U.S.C. § 2412(d)(1)(A) (1982). The district court found that the motion for the return of property did not become a civil action until after the government's criminal investigation was terminated on October 12, 1988. The district court ruled that the government's position after October 12, 1988 was substantially justified. The district court did not determine whether the government's position was substantially justified prior to October 12, 1988.

■ We have concluded that the Purcells' motion for the return of their property was a civil action from its inception until the court ordered the property returned on October 31, 1988. Accordingly, we must reverse the order denying attorneys' fees and expenses and remand for further proceedings to determine whether the government's position in opposition to the motion to return the Purcells' property was substantially justified.

REVERSED AND REMANDED.