924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re in the Matter of the Search of NEW LONDON TOBACCO MARKET, INC.
UNITED STATES of America, Plaintiff-Appellee,
v.
NEW LONDON TOBACCO MARKET, INC., Graham Cole, Defendants-Appellants.
 No. 90-5176.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 Before DAVID A. NELSON, Circuit Judge, WELLFORD, Senior Circuit Judge* and JOINER, Senior District Judge**
 PER CURIAM:
 
 
 1
 Defendants, New London Tobacco Market, Inc. (NLTM) and Graham Cole, appeal from the district court's denial of their motion for return of property filed pursuant to Federal Rule of Criminal Procedure 41(e).[1]
 
 
 2
 The defendants have challenged a search warrant issued by a magistrate based on purported violations by defendants of 18 U.S.C. Sec. 1001,[2] aiding and abetting (Sec. 2) and conspiracy (Sec. 371). The search warrant authorized search of NLTM premises in London, Kentucky, for evidence of Sec. 1001 violations (false or fraudulent documents submitted to the United States Department of Agriculture) pursuant to an affidavit submitted by an investigator for the Inspector General of the Agriculture Department. The affidavit set out information to show alleged probable cause to believe that false documents were prepared and submitted by defendants to disguise theft of tobacco.
 
 
 3
 At a hearing on defendants' 41(e) motion, the United States representative offered to return the property seized in the search at issue. Defendants, however, insisted that the warrant was defective based on invalidity and/or insufficiency of the application and affidavit submitted to the magistrate and was part of a scheme to harass and injure defendants. The district court declined to exercise jurisdiction over the Rule 41(e) motion, noting that no criminal charges had actually been levied or pursued against defendants, and no charges were then pending. The district court indicated that defendants' constitutional rights might well be vindicated in state court if charges were pursued in such jurisdiction, and noted that the United States was willing to return the contested property.
 
 
 4
 Defendants appeal from the refusal of the district court to assume jurisdiction and treat their motion as a civil complaint, citing White Fabricating Co. v. United States, 903 F.2d 404 (6th Cir.1990). We note that White Fabricating Co. was a first amendment case and relied upon other similar first amendment cases for reaching the decision, under the circumstances in that case, that the district court properly assume jurisdiction of a Rule 41(e) motion to return certain materials allegedly illegally seized, with prior restraint overtones, without a full hearing. We were careful in White Fabricating Co. also to establish no per se rule with regard to jurisdiction in a Rule 41(e) motion situation. We find White Fabricating Co. therefore to be clearly distinguishable from the facts in this case.
 
 
 5
 We are satisfied that there was no abuse of discretion on the part of the district court, and, further that the issues are now moot in light of the expressed willingness of the government to return all of the materials seized. We have no basis therefore for deciding the validity of the contested warrant.
 
 
 6
 We, accordingly, DISMISS the appeal.
 
 
 
 *
 THE HONORABLE HARRY W. WELLFORD assumed senior status on January 21, 1991
 
 
 **
 THE HONORABLE CHARLES W. JOINER, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Rule 41(e) states in pertinent part:
 (e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.
 
 
 [2]
 Pertinent parts of Sec. 1001 are as follows:
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years or both.