In the Matter of the SEARCH OF S & S: CUSTOM CYCLE SHOP, 642 Hillrose Ave., Dayton, Ohio,

In the Matter of the Search of 9492: Taylorsville Road, Huber Heights, Ohio.

Nos. M–3–01–38, M–3–01–45.

United States District Court, S.D. Ohio, Western Division.

Aug. 5, 2003.

J. Richard Chema, Dayton, OH, for Government.

Zach Zunshine, Columbus, OH, for Defendant.

DECISION AND ENTRY VACATING DECISION AND ORDER OF THE UNITED STATES MAGISTRATE JUDGE (DOC. # 14) AND DISMISSING MOVANT'S MOTION FOR RETURN OF SEIZED PROPERTY AND ALSO TO UNSEAL SEARCH WARRANT AFFIDAVIT (DOC. # 5) FOR LACK OF SUBJECT MATTER JURISDICTION; TERMINATION ENTRY

RICE, Chief Judge.

Steve Warman is the proprietor of S & S Custom Cycle Shop ("S & S"), a business maintained at 642 Hillrose Avenue, Dayton, Ohio, and a resident of 9492 Taylorsville Road, Huber Heights, Ohio, two structures that were the subject of searches and seizures conducted by the Federal Bureau of Investigation ("FBI") on March 1, 2001. On October 24, 2001, the United States Magistrate Judge issued a Decision and Order (Doc. # 14) in the above-captioned cases overruling, with one limited exception, movant Warman's Motion for Return of Seized Property and Also to Unseal Search Warrant Affidavit (Doc. # 5). The limited exception in the Magistrate Judge's ruling concerned a seized item which the Government had already agreed to return to Warman. For consideration in front of this Court is War-

man's Objections to the Magistrate Judge's Decision and Order (Doc. # 15).

The Court is of the opinion that a serious question exists as to whether the Magistrate Judge had subject matter jurisdiction to consider Warman's Motion. This issue was not raised by any party, but it is axiomatic that a federal court must be certain of its jurisdiction before considering the merits of a matter before it. *See In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir.1997). For the reasons set forth below, the Court finds that jurisdiction to entertain the Motion was lacking. Accordingly, it will vacate the Magistrate Judge's Decision and Order and dismiss Warman's Motion.

### I. *Analysis*

Though it seems obvious, the following bears mention. Rule 1 of the Federal Rules of Criminal Procedure ("Criminal Rules"), as it existed at the time Warman filed his Motion and when the Magistrate Judge ruled upon it, stated that the Criminal Rules "govern the procedure in all criminal proceedings in the courts of the United States ... and, whenever specifically provided in one of the rules, to preliminary, supplementary, and special proceedings before the United States magistrate judges...." Similarly, as Rule 1 of the Federal Rules of Civil Procedure ("Civil Rules") states, the Civil Rules "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable at law or in equity or in admiralty...." An action cannot be both a "criminal proceeding" and part of a "suit of a civil nature."

Rule 41(e) of the Criminal Rules, now "former" Rule 41(e),[1] stated:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. *If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed,* it shall be treated also as a motion to suppress under Rule 12.

(Emphasis added.) Warman invoked this rule to retrieve the seized items. However, as far as the Court is aware, no criminal proceeding has been commenced against Warman, even though, to jump to the merits in limited measure, it is plain that an investigation into suspected criminal activities is ongoing (or at least was ongoing at the time the Magistrate Judge issued his Decision and Order). The question, then, is what is the nature of Warman's Motion? Because they apply only to criminal proceedings, the Criminal Rules, with limited exceptions, have no effect in

---

1. Effective December 1, 2002, the current return of property provision is contained at Fed.R.Crim.P. 41(g), which reads:

   A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

   Herein, all of the Court's references to Rule 41 will be to the version of the rule in existence prior to the 2002 amendments.

the absence of proceedings initiated by the filing of a criminal complaint or an indictment or information.

One obvious exception to this observation is the application of Rule 41, which, generally speaking, governs the procedure for the obtaining and execution of a search warrant, a device that applies in many cases prior to the initiation of formal criminal proceedings. As designated in the Criminal Rules themselves, search warrant matters implicate "supplementary" or "special" proceedings. The Court does not believe, however, that motions filed under Rule 41(e) can be entertained absent the initiation of more substantive criminal proceedings. Though that rule obviously contemplates pre-indictment and pre-information motions for the return of property, as is implied by the portion of the rule highlighted by the Court above, that merely means that such a motion can be filed after a criminal complaint has been filed and before the subsequent filing of an indictment or information. Where no other criminal proceeding, other than the execution of a search warrant, has been initiated, the Sixth Circuit and other federal courts have routinely recognized that an action to retrieve property taken pursuant to a search warrant is in the nature of a "civil complaint." *See, e.g., White Fabricating Co. v. United States,* 903 F.2d 404, 407–08 (6th Cir.1990) (recognizing that a motion filed pursuant to former Rule 41(e) prior to commencement of criminal proceedings is actually equitable in nature and should be treated as a "civil complaint"); *In re Certain Pharmaceuticals and Proceedings of Northland Providers, Inc.,* 78 F.Supp.2d 954, 960 (D.Minn.1999) (same); *Purcell v. United States,* 908 F.2d 434, 437–438 (9th Cir.1990); *Boyd v. U.S. Dept. of Justice,* 673 F.Supp. 660, 662 (E.D.N.Y. 1987) (same); *Grant v. United States,* 282 F.2d 165, 168 (2d Cir.1960) (same).

The view taken in *White* and the other cases cited in the above paragraph is also consistent with the view of the Sixth Circuit and a number of other federal courts that motions nominally filed under Rule 41(e), *after the close* of criminal proceedings, are in fact civil in nature, and should be treated as such. *See United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990) (holding that a request for return of property after conclusion of a criminal trial "is essentially a civil equitable proceeding, notwithstanding the fact that the motion was styled under Fed.R.Crim.P. 41(e)") (citing *United States v. Young,* 878 F.2d 383, 1989 WL 72465 (6th Cir.1989)), *cert. denied,* 500 U.S. 933, 111 S.Ct. 2055, 114 L.Ed.2d 461 (1991); *United States v. Potes Ramirez,* 260 F.3d 1310, 1314 (11th Cir. 2001); *United States v. McClendon,* 10 Fed.Appx. 341, 2001 WL 505976 (7th Cir. 2001); *United States v. Bein,* 214 F.3d 408, 411 n. 3 (3rd Cir.2000); *United States v. Madden,* 95 F.3d 38, 39–40 (10th Cir.1996); *United States v. Clark,* 84 F.3d 378, 381 (10th Cir.1996); *Hunt v. United States Dept. of Justice,* 2 F.3d 96 (5th Cir.1993); *United States v. Taylor,* 975 F.2d 402, 403 (7th Cir.1992); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992); *United States v. Martinson,* 809 F.2d 1364, 1366–67 (9th Cir.1987); *cf. Matter of Search of New London Tobacco Market, Inc.,* 924 F.2d 1059, 1991 WL 9983 (6th Cir.1991) (recognizing that Rule 41(e) motion was properly dismissed by district court where criminal proceedings had never been filed because the Government had already agreed to return the seized property); *cf. also United States v. Garcia,* 65 F.3d 17, 20–21 (4th Cir.1995) (holding that Rule 41(e) motions brought after completion of criminal proceedings is "civil" in nature but nevertheless governed by the venue provisions of the criminal rule).

In essence, the action contemplated herein by Warman is like a common law action for replevin or for wrongfully

seized property. As the Ninth Circuit stated in *Purcell:*

> Contrary to the government's position before the district court, the mere fact that an investigation is pending is not sufficient to convert a motion filed pursuant to Rule 41(e) into a criminal proceeding. Such a motion is not incidental to a criminal proceeding unless a criminal action has been initiated by indictment or information. We conclude, therefore, that the district court's finding that the Rule 41(e) proceeding was not a civil action because of the pendency of a criminal investigation was clearly erroneous.
>
> The Purcells styled their motion as being pursuant to Fed. R.Crim.P. 41(e). *Reliance on the Federal Rules of Criminal Procedure is unnecessary and misleading as to the nature of the proceedings if no indictment or information has been filed.* Until criminal proceedings have been initiated against the movant by the filing of an indictment or information, motions to return property seized by the government are "civil equitable proceedings." *United States v. Martinson,* 809 F.2d at 1367. Styling such proceedings as Rule 41(e) motions when no criminal proceedings are pending can lead, as in this case, to needless waste of limited judicial resources.

908 F.2d at 437–38 (emphasis added). The proposition for which the cited cases stand, articulated most clearly by the *Purcell* court, lead this Court to the inevitable conclusion that Warman's Motion, not filed pursuant to an extant criminal proceeding, was in fact a stand-alone civil complaint for replevin or the like. The Court is also persuaded that an action to unseal a sealed affidavit for search warrant should be raised as a motion pursuant the replevin action or pursuant to a separately filed civil action brought under the theory first set forth in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] Absent the existence of a criminal action, an individual simply has no basis for bringing a motion to unseal an affidavit under the Criminal Rules. If it is a constitutional right, such as the Fourth Amendment right to be free from unreasonable search and seizures, that has been violated by federal authorities, vindication is civil in nature and can be achieved through a *Bivens* action. *See, e.g., Baranski v. Fifteen Unknown Agents of ATF,* 195 F.Supp.2d 862 (W.D.Ky.2002). The Court is aware that several courts, including a court in the Southern District of Ohio, have entertained motions to unseal affidavits in like situations, but the jurisdiction to do so was not supported by authority in those cases, and therefore they are not persuasive. *See Matter of Up North Plastics, Inc.,* 940 F.Supp. 229 (D.Minn.1996) (finding right to inspect sealed affidavits for search warrants exists at pre-indictment stage under the Fourth Amendment's Warrant Clause); *In re Search of Warrants Issued August 29, 1994,* 889 F.Supp. 296 (S.D.Ohio 1995) (setting precedent upon which *Up North Plastics* court relied). The better reasoned cases have held that no right to inspect sealed affidavits for search warrants exists *under the Constitution or the Criminal*

---

**2.** Under *Bivens,* federal officers may be held liable for violating a plaintiff's Fourth Amendment rights. It may be that a replevin claim against the FBI should itself be brought pursuant to a *Bivens* action, given the United States' sovereign immunity from common law liability. *Cf. Baranski, infra.* The *Baranski* court recognized a separate Rule 41(e) claim, so styled, as part and parcel to a larger civil action that included a *Bivens* claim for alleged Fourth Amendment violations. Per the Court's analysis set forth above, this Court believes the correct procedure would be for the Rule 41(e) claim to be re-characterized directly under *Bivens,* for the reasons explained by the Ninth Circuit in *Purcell.*

*Rules,* prior to the initiation of a criminal proceeding against the movant. *See Matter of Eyecare Physicians of America,* 100 F.3d 514, 517 (7th Cir.1996) (holding that a pre-indictment right of inspection was not a right under the Fourth Amendment or Rule 41); *Matter of Flower Aviation of Kansas, Inc.,* 789 F.Supp. 366, 367–69 (D.Kan.1992) (holding that a pre-indictment right of inspection was not a right under the First Amendment, the common law, or Rule 41).

28 U.S.C. § 636(c) allows parties in a civil proceeding to consent to the full jurisdiction of a magistrate judge, in which case any appeal therefrom would be taken directly to the Sixth Circuit Court of Appeals. Because no provision in the Court's General Order of Reference, applicable in the Western Division of the Southern District, at Dayton, provides a general referral of such matters to the magistrate judges of this Court, and because, in any event, the parties did not consent to the jurisdiction of the Magistrate Judge, the Court does not believe the Magistrate Judge's Decision and Order should stand. *First,* as noted, the parties did not consent to the Magistrate Judge's jurisdiction, as required by 28 U.S.C. § 636(c)(1) & (2).

They could not have, of course, because for all they knew at the time, the Magistrate Judge was proceeding properly under former Rule 41(e) and his inherent judicial powers relating to the governance of search warrants. *Second,* even if the Court were to view the parties' actions below as granting implied consent to the Magistrate Judge's jurisdiction, *see Roell v. Withrow,* 538 U.S. 580, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003), they were, as a result, denied any number of civil procedures available through the typical civil action process, most notably the right of discovery, including the taking of depositions and the like, which, had those procedures been available, undoubtedly would have affected the manner in which the relevant issues were litigated. *Third,* if the Court were to view the matter ruled upon below as an action decided pursuant to 28 U.S.C. § 636(c)(1), Warman's appeal would be directly to the Sixth Circuit. *See* 28 U.S.C. § 636(c)(3).[3]

The Court is of the opinion that because the parties did not contemplate the jurisdictional defects of Warman's Motion, and therefore could not have anticipated the ruling of this Court, and because either side could be prejudiced by the Court's

---

**3.** Neither can this matter be viewed as a matter impliedly referred pursuant to 28 U.S.C. § 636(b)(1)(A) or (B). For its part, subparagraph (A) allows a court to refer certain non-dispositive "pretrial" matters "pending" before it to a magistrate judge for a decision. Warman's Motion, properly construed as a civil action in its own right, is not a mere "pretrial matter." For its part, subparagraph (B) reads in relevant part: "... a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for disposition, by a judge of the court, of any motion excepted in subparagraph (A)...." The reference to "any motion excepted in subparagraph (A)" is to motions for the following remedies: (1) injunctive relief; (2) judgment on the pleadings; (3) summary judgment; (4) dismissal or quashing of an indictment or information; (5) suppression of evidence in a criminal case; (6) dismissal or maintenance of a class action; (7) dismissal for failure to state a claim; and (8) involuntary dismissal of an action. *See* 28 U.S.C. § 636(b)(1)(A). From the manner in which the statute is written, it is clear that this enumeration of motions is not suggestive, but is complete in itself. Thus, 28 U.S.C. § 636(b)(1)(B), also, does not govern the referral of an entire action, such as Warman's. If it is to go to a magistrate judge, it must be upon consent, pursuant to § 636(c). Of course, once re-characterized as its own civil action, matters appurtenant thereto might be referred to a magistrate judge under § 636(b)(1)(A) or (B), but no such scenario is presented for the Court's consideration.

treating the matter as one decided by implied consent pursuant to 28 U.S.C. § 636(c)(1), which would, in any event, require a direct appeal to the Sixth Circuit, the prudential course is to vacate the Magistrate Judge's Decision and Order and dismiss Warman's Motion for lack of subject matter jurisdiction. Warman's remedy is purely civil in nature, and should be filed directly with this Court, on the Court's civil docket. *See, e.g., Matter of Search of 6731 Kennedy Ave., Hammond, Indiana,* 131 F.R.D. 149 (S.D.Ind.1990) (Magistrate judge holding that he was without jurisdiction to entertain a Rule 41(e) motion where no criminal proceedings existed; suggesting that aggrieved file a separate civil action); *but see Matter of 4330 N. 35th St., Milwaukee, Wisconsin,* 142 F.R.D. 161 (E.D.Wis.1992) (Magistrate judge rejecting rationale of *6731 Kennedy Ave.,* and holding, without citation to authority, that a Rule 41(e) motion could be filed as a stand-alone civil action *and* decided by the magistrate judge without referral from a district court judge). The Court expresses no opinion as to whether a Rule 41(e) motion, now a Rule 41(g) motion under the 2002 Criminal Rules revisions (*see supra* note 1), could be entertained by a magistrate judge without express referral by a district court judge, per § 636(b)(1)(A), where criminal proceedings actually exist. *See 6731 Kennedy Ave., supra* (suggesting that a referral would be necessary).

## II. *Conclusion*

In sum, the Court finds that the Magistrate Judge did not have jurisdiction to entertain Warman's Motion for Return of Seized Property and Also to Unseal Search Warrant Affidavit (Doc. # 5). The matter must be filed as an independent civil action, as discussed above. Accordingly, the Magistrate Judge's Decision and Order (Doc. # 14) is VACATED, and Warman's Motion (Doc. # 5) DISMISSED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.