**UNITED STATES of America, Plaintiff–Appellee,**

v.

**VACANT LAND LOCATED AT 10TH ST. AND CHALLENGER WAY IN PALMDALE, CA, Defendant,**

**Peter J. Baxter and Frank Edward Gegax, Claimants–Appellants.**

No. 92–55341.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 1993 *.

Decided Oct. 4, 1993.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4.

Cruz Saavedra, Saavedra & Zufelt, Long Beach, CA, for Peter J. Baxter, claimant-appellant and Frank Edward Gegax, appellant.

Mark A. Feldman, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.

NOONAN, Circuit Judge:

Peter J. Baxter appeals the district court's order dismissing his claim for the defendant property because he lacked standing. Frank Edward Gegax appeals the district court's order denying his motion to file a late claim. We affirm the judgment of the district court.

## PROCEEDINGS

On April 9, 1991 the United States filed a complaint of forfeiture in rem of vacant land located at Tenth Street/Challenger Way, Palmdale, California. The complaint alleged that the property was used "with the knowledge and consent of the true owner, Frank Gegax" to facilitate marijuana cultivation through the storage upon the property of diesel fuel trucks, electronic generators and soil used in marijuana cultivation at two other locations owned by Frank Gegax. The complaint further noted that the property had been bought by Alan Gegax, brother of Frank, on Frank's behalf and deeded by Alan Gegax on August 21, 1989 to Peter Baxter, father-in-law of Frank. The complaint finally stated that the title of the property was

"recorded in the name of Peter J. Baxter, whose interest and that of Frank Gegax" may be adversely affected by the proceedings. The complaint asked "that due notice be given to all interested parties to appear."

On May 24, 1991 Peter J. Baxter filed a claim to the property stating that he was "the legal and true owner of said property" and that he had no knowledge of any use of the property to facilitate any criminal activity. On June 17, 1991 Baxter, through his counsel, Cruz Saavedra, filed an answer in which he admitted that Alan Gegax had purchased the property and that on August 21, 1989 Alan had deeded the property to him. He confirmed his denial of any knowledge of any criminal use of the property.

At a status conference held on September 9, 1991 Cruz Saavedra informed the court "that Frank Edward Gegax would file a formal claim if the court did not allow Peter J. Baxter to proceed with his claim."

On November 21, 1991 the government moved to strike the claim of Baxter for lack of standing. On November 26, 1991 Baxter filed a declaration in which he stated that on August 21, 1989 he had accepted a grant deed to the property; that in accepting the deed he "assumed ownership of the vacant subject and the right to exercise complete dominion and control over any aspect of its existence"; that he assumed responsibility for payment of a promissory note in the amount of $40,000 secured by a deed of trust recorded against the property by P. LeRoy Booth and M. Pauleen Booth; that he caused property tax assessments to be recorded in his name and assumed responsibility for paying them; that he had not entered into any signed or written agreement to return the property to anyone; and that he claimed legal ownership. He added that Frank Gegax was married to his daughter who had had two children from Frank Gegax and two from Lannys Jones; it was his, Baxter's, intention to use the property for the education of these four children. Until this matter had become public, he said he had been unaware of any criminal activity by Frank Gegax.

On November 30, 1991 Saavedra filed the declaration of Ken Nasife. Nasife stated that he was employed by Frank Gegax as a superintendent of Gegax Plumbing, Inc.; that near the end of 1989 or beginning of 1990 the defendant property had been used as a storage lot for KMG Construction, Inc., work and a fence was put around it; that he was "the only one with the keys to the facility"; that he had not seen any diesel fuel trucks, electric generators or specialized soil or other growing materials on the property; that he had made this declaration after consultation with Cruz Saavedra.

On December 2, 1991 Frank Gegax authorized Cruz Saavedra to sign a declaration for him. The declaration stated that Frank Gegax had been convicted of violating federal narcotics laws and sentenced to 12 years incarceration; that he was presently incarcerated in New Mexico; that the defendant property had been used for the legitimate business purposes of KMG Construction, Inc. and was "under the control of Ken Nasife."

On January 13, 1992 the district court held a hearing at which Baxter was represented by Cruz Saavedra. Saavedra admitted that the government had established probable cause for seizure. Saavedra argued for Baxter's standing, stating, "a claimant must only have a colorable interest and not the higher standard of dominion and control the government is claiming." In response the government cited Ninth Circuit authority. The court granted the government's motion to strike Baxter's appearance for want of standing.

On January 13, 1992 Gegax moved to file a late claim. *When Gegax made this motion he made no mention of a contention that he had not received personal notice of the forfeiture action.* The government opposed his motion.

On February 10, 1992 the district court entered a judgment of forfeiture for the United States.

On February 24, 1992 Frank Gegax filed a reply to the government's opposition. Through his counsel Gegax denied that he had received written notice of the forfeiture proceedings. The reply was filed by Cruz Saavedra, who stated on his own behalf that he had informed Frank Gegax "on numerous

occasions" of the pendency of the proceeding but "strictly in the context of representing Mr. Peter J. Baxter" and that he had not been "representing Mr. Gegax in this matter."

On February 26, 1992 the district court denied Gegax's motion to file his late claim.

On March 12, 1992 Baxter and Gegax filed a notice of appeal.

## ANALYSIS

### Baxter's Standing

■ " '[P]ossession of mere legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture.' " *United States v. One Parcel of Land, Known as Lot 111–B,* 902 F.2d 1443, 1444 (9th Cir. 1990) (per curiam) (quoting *United States v. A Single Family Residence,* 803 F.2d 625, 630 (11th Cir.1986); *United States v. One 1945 Douglas C–54 (DC–4) Aircraft,* 604 F.2d 27, 28 (8th Cir.1979)). These cases turn on a finding that the title holder is a strawman holding nominal title as a subterfuge for a drug trafficker, rather than being a true owner of an interest in the property. One need not be a bona fide purchaser for value to challenge a forfeiture. *United States v. 92 Buena Vista Avenue,* —— U.S. ——, ——, 113 S.Ct. 1126, 1134, 122 L.Ed.2d 469 (1993). One does need to be a true owner of an interest in the property. Baxter bears the burden of proving that he "owns or has an interest in the forfeited property." *One Parcel of Land,* 902 F.2d at 1444.

■ Not a jot or tittle of dominion and control was alleged by Baxter in his declaration, which, at the most, asserted that he had "a right" to dominion and control and which, at the most, indicated that he had assumed responsibility for payments without any indication that he had made any payments. The transfer by Gegax to him was without consideration. The only evidence as to control was furnished by Ken Nasife, who was uncontradicted in his declaration that he alone had the keys to the fence surrounding the property. Unlike *One Parcel of Land,* where "the nominal owner" at least testified to paying property tax, so that the district court

had to weigh evidence before finding him to be without standing, Baxter offered zero evidence. Baxter's lack of evidence of having made any of the mortgage or tax payments on the land, of having the physical ability to enter it, or of exercising any authority as landlord to Gegax's plumbing business, during the two years and some months between Gegax's conveyance to him and the hearing on the motion to strike his claim, are consistent with his being a strawman to conceal Gegax's ownership and cannot be reconciled with Baxter's claim to be the true owner. Baxter had no standing.

### Gegax's Motion

■ In his reply brief Gegax asserts that he was not personally served and therefore should have been permitted to file the late claim. Normally we do not consider issues not raised in the appellant's opening brief; however, we have discretion to review an issue not raised by the appellant when it is addressed in the appellee's brief. *See In re Riverside–Linden Investment Co.,* 945 F.2d 320, 324 (9th Cir.1991). Because the government argued in its brief that notice to Gegax was sufficient, we reach the issue here.

■ Despite Gegax's being mentioned in the complaint as a person having an interest in the property, *the docket entries show service on Baxter but do not reflect any service on Gegax.* Under the applicable rule he had only 10 days in which to file a claim after process had been executed against the property or such additional time as might have been allowed by the court. Fed.R.Civ.Pro. Supp.R. C(6). Ordinarily the failure to have served him personally would be fatal to the forfeiture. The failure would violate the statute. *See* 21 U.S.C. § 881(d); 19 U.S.C. § 1607(a). *Gegax appeared at the district court for the purpose of arguing his position that he should be allowed to proceed because Baxter had lost in his attempt to proceed. Gegax did that without reservation and without a claim that he had not received service of process. He, therefore, waived his statutory right to service.*

■ Failure to serve might under some circumstances also violate the Constitution.

*Robinson v. Hanrahan,* 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972). In the present case failure to serve does not have such drastic consequences. By the September 1991 status conference Gegax had notice of the proceeding and was considering as an option the filing of a claim if Baxter's claim failed. Saavedra, who represents both Baxter and Gegax on this appeal, declares in the joint brief that "for Frank Edward Gegax to have filed a claim at the same time that Peter J. Baxter was pressing his claim of ownership would have been inconsistent with the belief of both individuals that Peter J. Baxter was the true owner of the subject property." Gegax, however, did not have the luxury of waiting to see how Baxter's claim fared. On notice of the proceeding he had to present himself as a claimant in September 1991 and ask the court to take into account that he could not have appeared earlier. What he could not do was wait until the court decided against Baxter and then come in with his own claim of ownership.

**AFFIRMED.**