89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
STAR ROUTE, BOX 63, OROVILLE, WASHINGTON, together with all
appurtenances and improvements thereto or
thereupon, Defendant-Appellee.
 No. 94-35597.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Submission Withdrawn Feb. 22, 1996.
Resubmitted July 9, 1996.
Decided July 15, 1996.
 
 ORDER
 The above case is deemed resubmitted as of July 9, 1996.
 Before: REINHARDT and TROTT, Circuit Judges, and SCHWARZER* District Judge.
 MEMORANDUM**
 This appeal by the government from the dismissal of its civil forfeiture action raises the issue whether the legal owner of the property, Jean Naplin, had standing to assert a claim in the forfeiture action. We have jurisdiction under 28 U.S.C. § 1291 and reverse.
 FACTS
 On January 12, 1992, a joint federal-state narcotics task force executed a search warrant on the defendant property and seized 1,800 marijuana plants, $13,600 in currency, and equipment and materials for the indoor cultivation of marijuana and other contraband. Police officers arrested the owner of the property, Wayne Naplin, on drug charges. On February 18, 1992, Wayne filed a quit claim deed transferring the property to his mother, Jean Naplin. Before the transfer, Jean neither requested the quit claim deed nor knew of Wayne's intention to transfer the property to her. After execution of the deed, Wayne told her he had made the transfer because he owed her money (she had lent him $33,000 over a 20-24 year period, none of which had been repaid). He later testified that he
 gave it to her to settle the debts ..., but knowing my mom, I just assumed that if anybody would deal with it, that she would make a decent deal with my son and that he would probably end up with it in the end.
 Wayne continued to reside on the property rent-free and to pay taxes and utility bills.
 On April 7, 1992, Wayne was indicted in the Eastern District of Washington for violation of federal drug laws. He pleaded guilty to conspiracy to manufacture more than 1,000 marijuana plants, and was sentenced to a term of imprisonment of ten years. At the same time, the government filed a civil action under 21 U.S.C. § 881(a)(7) seeking forfeiture of the defendant property. After trial, the action was dismissed. The court found that Jean was "an innocent owner of the defendant property and has standing to claim the property," and that "civil forfeiture [was] not authorized by 21 U.S.C. § 881(a)(7)." Wayne's double jeopardy motion was denied as moot.
 DISCUSSION
 Whether a person has standing is reviewed de novo. Barrus v. Sylvania, 55 F.3d 468, 469 (9th Cir.1995); United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1057 n. 10 (9th Cir.1994). We review the district court's findings of fact in forfeiture proceedings for clear error. United States v. Real Property Located at Section 18, 976 F.2d 515, 520 (9th Cir.1992).
 Section 881(a)(7) provides for forfeiture of
 [a]ll real property ... which is used, or intended to be used ... to commit, or to facilitate the commission of, a violation of [federal drug laws] ..., except that no property shall be forfeited ..., to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 Thus, the statute protects the "innocent owner" of an interest in defendant property from civil forfeiture of that property.
 To qualify as an innocent owner of property, however, the ownership interest must be more than nominal. While "[t]he claimant in a forfeiture action has the burden of showing that he owns or has an interest in the forfeited property," United States v. One Parcel of Land, Known as Lot 111-B, 902 F.2d 1443, 1444 (9th Cir.1990), she must also demonstrate that her interest is "more than nominal." Id. at 1445. "Possession of mere legal title by one who does not exercise dominion and control over the property is insufficient ... to establish standing to challenge a forfeiture." Id. at 1444 (citations and internal quotations omitted). No standing exists where "the title holder is a strawman holding nominal title as a subterfuge for a drug trafficker, rather than being a true owner of an interest in the property." United States v. Vacant Land, 15 F.3d 128, 130 (9th Cir.1993). In the latter case we said that
 lack of evidence of having made any of the mortgage or tax payments on the land, of having the physical ability to enter it, or of exercising any authority as landlord ... are consistent with his being a strawman to conceal ... ownership [by the party having dominion and control] and cannot be reconciled with [claimant's] claim to be the true owner.
 Id. See also United States v. A Parcel of Land, et al., Known as 92 Buena Vista Avenue, 113 S.Ct. 1126, 1136 n. 20 (1993) ("[A]s a matter of law, it is quite clear that neither an 'associate' in the criminal enterprise nor a temporary custodian of drug proceeds would qualify as an innocent owner; indeed, neither would a sham bona fide purchaser.").
 Jean had not exercised dominion and control over the defendant property, and the court made no such finding. Wayne had purchased the property in 1972 and paid off the mortgage in 1980. He owned it free and clear until he transferred it, without prior discussion, to his mother on February 18, 1992--about one month after the execution of the search warrant. Wayne's testimony at trial about why he had transferred the property to Jean indicates he expected that she would pass the property on to his son, thereby avoiding forfeiture. In fact, Wayne continued to reside on the property and pay the taxes and utility charges. Jean had not visited the property since 1974 and was unfamiliar with its acreage or its physical features. In short, Wayne's delivery of the quit claim deed to his mother Jean did not transfer dominion and control and was plainly an attempt to evade forfeiture.
 We conclude that the transfer to Jean was a sham and that the district court's ruling that she was an owner within the meaning of § 881(a)(7) was clearly erroneous.
 Accordingly, we reverse the district court's order dismissing the action and direct that Jean Naplin's claim be dismissed and judgment of forfeiture be entered. We affirm the denial of Wayne's motion to dismiss on double jeopardy grounds. United States v. Ursery, 64 U.S.L.W. 4565 (U.S. June 24, 1996).
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3