The judgment in each of these cases is AFFIRMED.

David A. Katz, Katz & Associates, Los Angeles, California, for defendant-appellant.

Marc Richard Greenberg, Assistant United States Attorney, Santa Ana, California, for plaintiff-appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Bassam SOUEITI, Defendant–Appellant.**

**No. 97–50210.**

United States Court of Appeals, Ninth Circuit.

Submitted* March 2, 1998.

Decided Sept. 2, 1998.

Before: WIGGINS and KLEINFELD, Circuit Judges, and SMITH,** District Judge.

KLEINFELD, Circuit Judge:

Soueiti claims entitlement under the Equal Access to Justice Act to attorneys' fees for successfully opposing deportation at a criminal sentencing. The district judge denied them, and we affirm.

**FACTS**

Soueiti ran up hundreds of thousands of dollars in expenses on several credit cards. He stretched out the fraud by paying his credit card bills with bad checks.

Soueiti was subject to judicial deportation at sentencing, under § 1252a(d)(1), now at 28 U.S.C. § 1228(c). His plea was to bank fraud, and as a Lebanese citizen, he was subject to deportation as an alien convicted of an aggravated felony. The issue came up

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

** The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation.

in plea bargaining. The plea agreement obligated Soueiti to "stand silent" and "present no evidence or argument" on the issue of whether the district court should deport him.

But Soueiti presented evidence and argument anyway. The district judge expressly found that Soueiti had breached his promise to stand silent, and stated that she had accordingly avoided reading and considering the papers he had submitted in breach of his promise. She nevertheless declined to order deportation, based upon numerous and critical deficiencies in the government's proof, especially its failure to specify the last date of entry.

After the sentencing, Soueiti moved for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The judge denied them on two grounds. She concluded there was no causal connection between Soueiti's written submissions and the denial of deportation, as she did not even read the papers he submitted in violation of his agreement to stand silent. She also concluded Soueiti was not entitled to attorneys' fees because he was not a prevailing party, as he was a criminal defendant who had pleaded guilty and been sentenced to prison. Soueiti appeals the denial of attorneys' fees.

## ANALYSIS

We do not reach the grounds on which the district court denied attorneys' fees, because even if the judge had been in error on those grounds, attorneys' fees should have been denied on the ground that a criminal sentencing is not a civil action. We do not intimate that there was any error; it takes brass to promise to stand silent, and then argue, and the government overlooked the jurisdictional issue when it opposed the request in district court. Government counsel has briefed jurisdiction in this appeal, and we can affirm on any ground supported by the record. *Granite State Ins. Co. v. Smart Modular Technologies, Inc.*, 76 F.3d 1023, 1026 (9th Cir.1996).

The statute pursuant to which the government waives sovereign immunity and subjects itself to attorneys' fees awards expressly limits itself to "any civil action":

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party *in any civil action (other than cases sounding in tort)* . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The attorneys' fees in this case were incurred in the defense of a criminal proceeding, not a civil action. The district court, for that reason, lacked jurisdiction to award them. It is hard to define "civil action" broadly enough to embrace all its possible forms, but one definition that is always correct is that civil actions are those that are not criminal. Black's Law Dictionary 245 (6th ed.1990); Ballentine's Law Dictionary 202 (3d ed.1969). Sentencing in a criminal case is criminal. That is really all there is to this case.

Soueiti argues that deportation is in some contexts civil. That is so, *see INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), but we need not decide whether in some other procedural context, deportation might be civil in nature and subject to an Equal Access to Justice Act award. In the procedural context of this case, it was criminal. That context was a decision whether to order deportation as part of a criminal sentencing proceeding. The statute says that "a United States district court shall have jurisdiction to enter a judicial order of removal at the time of sentencing." 8 U.S.C. § 1228(c)(1) (previously 8 U.S.C. § 1252a(d)(1)). The procedure for sentencing a criminal defendant is criminal, regardless of whether some portions of the judgment, such as deportation or restitution, might also be imposed in a civil proceeding.

Soueiti argues that, though imposed in criminal proceedings, relief from forfeiture and relief from seizure of property pursuant to a search warrant have sometimes been treated as civil for purposes of attorneys' fees awards under the Equal Access to Justice Act. *Hill v. INS (In re Hill)*, 775 F.2d

1037, 1040–41 (9th Cir.1985), treats a habeas corpus petition relating to an immigration matter as civil, noting that "we must look to the substance of the remedy sought, not the labels attached to the claim." His argument is right in general, but does not change the outcome in this case. Because the label is not determinative, as *Hill* says, the label "deportation" is not determinative of the civil nature of the proceeding. In *Hill*, petitioner sought a declaratory judgment that a government policy excluding homosexual aliens without a medical certificate was improper, so the proceeding was in the nature of a civil action. In the case at bar, Soueiti was before the court to be sentenced.

Soueiti also cites *United States v. Douglas*, 55 F.3d 584, 586–88 (11th Cir.1995), which we applied in *United States v. Alcaraz–Garcia*, 79 F.3d 769, 772–73 n. 4 (9th Cir.1996). In *Douglas*, the Eleventh Circuit held that a forfeiture proceeding was civil, even though it was ancillary to a criminal proceeding. But what was critical to *Douglas* was not that the procedure was forfeiture, but that the relief was obtained by a third party, not by the criminal defendant. The criminal's creditor, not the criminal, sought recovery of the property. As to the creditor, the proceeding was not criminal, because the creditor was not charged with the crime. Likewise, we held in *Purcell v. United States*, 908 F.2d 434, 437 (9th Cir.1990), that a Federal Rule of Criminal Procedure 41(e) motion for return of property seized pursuant to a search warrant was civil for purposes of attorneys' fees, because no criminal action had "been initiated by indictment or information." Soueiti was indicted, pleaded guilty, and was sentenced, and the deportation was an issue in sentencing; that is a far cry from *Purcell*.

Soueiti argues that the deportation issue at sentencing was like a civil proceeding because the burden of proof in the deportation proceeding was lower than the beyond a reasonable doubt standard. That is true of many sentencing proceedings, e.g., guideline determinations made pursuant to preponder-

ance of evidence standard. *United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir.1991).

AFFIRMED.