**Haitook KHODABAKHSHIAN,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 97–71400.
I & NS No. A26–978–858.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 1999.*

Submission Vacated Oct. 6, 1999.

Resubmitted and Decided Sept. 12, 2002.

Before RYMER and McKEOWN,
Circuit Judges, and SHEA,** District
Judge.

MEMORANDUM ***

Haitook Khodabakhshian, a native and citizen of Iran, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's order removing him from the United States to Iran on the grounds that he was deportable as charged for having overstayed the termination of his asylum status in violation of 8 U.S.C. § 1227(a)(1)(B); that he was an alien convicted of an aggravated felony and therefore ineligible for asylum, cancellation of removal, withholding of deportation, and voluntary departure under 8 U.S.C. §§ 1158(b)(2)(B)(i), 1229b(a)(3), 1229b(b)(1)(C), and 1231(b)(3)(B)(ii); and that there was no immediate relief available to him pursuant to 8 U.S.C. §§ 1182(h)(2) and 1255(a)(3) in the form of

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

adjustment of status. As we have jurisdiction, we dismiss the petition but will stay the mandate for 90 days to allow Khodabakhshian an opportunity to move the BIA to reopen proceedings to consider the applicability of the Torture Convention.

 Section 306 of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 (IIRIRA)[1] only deprives this court of jurisdiction over petitions for review that involve "alien[s] who [are] removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)," which pertains to aggravated felonies. We have limited jurisdiction to determine whether Khodabakhshian is an alien and has been convicted of an aggravated felony. *See U.S. v. Soueiti,* 154 F.3d 1018 (9th Cir.1998). The record clearly reveals that Khodabakhshian is an alien. However, Khodhabakhshian's prior petty theft offenses in violation of California Penal Code § 666 do not make him an aggravated felon. *See U.S. v. Corona–Sanchez,* 291 F.3d 1201, 1208 (9th Cir. 2002) (en banc) (holding that "a conviction for 'Petty Theft with a Prior Jail Term for a Specific Offense,' does not facially qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) because the state statutes at issue criminalize conduct that would not constitute a theft offense under federal sentencing law."). Thus, Khodabakhshian does not meet the definition articulated in § 306, and we have jurisdiction over his claim.

 His only claim is that removal is forbidden by Article 3 of the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment (Torture Convention). The Immigration and Naturalization Service issued an interim rule to establish procedures for raising a claim under the Torture Convention after the briefing in this case was completed. *See* 64 Fed.Reg. 8478 (Feb. 19, 1999). Whether Khodabakhshian is entitled to relief under the Torture Convention is an issue that must first be brought to the attention of the BIA. Accordingly, we dismiss the petition but we will stay the mandate for 90 days to give Khodabakhshian an opportunity to move the BIA to reopen proceedings to consider the applicability of Article 3 of the Torture Convention. *See Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999).

The petition is DISMISSED.

In order to afford Khodabakhshian the opportunity to seek a stay of deportation from the BIA pending resolution of his motion to reopen, we stay our mandate for 90 days. *See Bu Roe v. INS,* 771 F.2d 1328, 1335 (9th Cir.1985).

---

**1.** Section 306 of IIRIRA amended the Immigration and Nationality Act (INA), § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).