18-772 (L), 20-3670 (Con)
Golding v. Garland

BIA
Kolbe, IJ
A206 552 755

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand twenty-one.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

─────────────────────────────

KARIM TAHIR GOLDING, AKA KARIM GOLDING,

> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*[1]

18-772 (L),
20-3670 (Con)

NAC

─────────────────────────────

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR PETITIONER in 18-772:** Vilia B. Hayes, Dustin P. Smith, Emma Baratta, Hughes Hubbard & Reed LLP, New York, NY.

**FOR PETITIONER in 20-3670:** Karim Tahir Golding, pro se, Gadsden, AL.

**FOR RESPONDENT:** Kohsei Ugumori , Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the lead petition for review (No. 18-772) is GRANTED, and the consolidated petition for review (No. 20-3670) is DISMISSED.

Petitioner Karim Tahir Golding, a native and citizen of Jamaica, seeks review of two BIA decisions: a March 5, 2018 BIA decision affirming a September 15, 2017, decision of an Immigration Judge ("IJ") denying protection under the Convention Against Torture ("CAT"), and an October 1, 2020 BIA decision denying his motions to reopen. *In re Karim Tahir Golding,* No. A 206 552 755 (B.I.A. Mar. 5, 2018), *aff'g* No. A 206 552 755 (Immig. Ct. New York City Sept. 15,

2

2017); *In re Karim Tahir Golding,* No. A 206 552 755 (B.I.A. Oct. 1, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, we grant the Government's motion to consolidate. *See* 8 U.S.C. § 1252(b)(6).

**I.   Denial of CAT Deferral (No. 18-772)**

We review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the factual findings underlying the denial of CAT relief, including the likelihood of future events, for substantial evidence. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). Assessing the likelihood of future events is a factual determination. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture is defined as "'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a

person'" and those acts are "committed by *or acquiesced in by* government actors." *Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007) (quoting 8 C.F.R. § 208.18(a)(1) and citing CAT art. 1). "[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). "Where a government contains officials that would be complicit in torture, and that government, on the whole, is admittedly incapable of actually preventing that torture, the fact that some officials take action to prevent the torture [is] neither inconsistent with a finding of government acquiescence nor necessarily responsive to the question of whether torture would be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010) (quoting CAT art. 1). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct

and intent and acquiesces in violation of the official's duty to intervene." *Pierre*, 502 F.3d at 118.

We find that the agency misapplied the acquiescence standard by discussing only whether the evidence showed that the Jamaican government was directly involved in torturing LGBT individuals.[2] *See id.* ("[I]t is not always necessary that the specific intent required . . . be formed by the government itself."); *see also Khouzam*, 361 F.3d at 171. In analyzing Golding's risk of torture with the acquiescence of a government official, the agency discussed the portion of the State Department Report regarding direct involvement of the Jamaican government in harming LGBT individuals. For example, the IJ noted, "of the 53

---

[2] We note, however, that the BIA did not address the IJ's conclusion that Golding had failed to make a showing that his sexual orientation was known in Jamaica. *See* IJ Decision, Certified Record on Appeal ("CAR") at 44 ("Under the particular circumstances of this case, the Court finds that it has not been established that persons in Jamaica are aware of respondent's sexual orientation or seek to overcome it in some way."). Nor did the BIA conclude that Golding's sexual orientation would *become* known after his return. Rather, the BIA simply concluded that, "even *presuming* that [Golding's] bisexuality would become known in Jamaica, the respondent has not shown that the Immigration Judge clearly erred in declining to find that a government official likely will acquiesce or be willfully blind to possible future torture." BIA Decision, CAR at 4 (emphasis added). We therefore express no view on these related questions, which go to whether "it is more likely than not that [Golding] . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

5

incidents of physical and verbal assault against 35 LBGT persons in Jamaica analyzed by the NGO, J-FLAG, only one case involved harassment by a police officer." CAR at 45. However, that only one incident directly involved a police officer does not foreclose the possibility that the police would acquiesce or be willfully blind to violence against LGBT individuals by non-state actors. *See Pierre*, 502 F.3d at 118. Accordingly, we remand for the agency to consider the totality of the country conditions evidence and reconsider or further explain its decision. *See Poradisova v. Gonzales*, 420 F.3d 70, 77, 81 (2d Cir. 2005) (holding that "we require a certain minimum level of analysis . . . if judicial review is to be meaningful"); *see also Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 403 (2d Cir. 2005) (requiring IJ to consider evidence that contradicts State Department reports).

**II.  Motions to Reopen (No. 20-3670)**

While we remand to the BIA to further review the CAT claim, we deny Golding's motion for in forma pauperis status as to his consolidated petition and dismiss the petition because he has no plausible challenge to the BIA's

6

denial of reopening. *See* 28 U.S.C. § 1915(a)(1), (e)(2); *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995).

We review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Golding's January 2020 and February 2019 motions to reopen were untimely because he filed them more than 90 days after the BIA affirmed the IJ's removal order in March 2018.

He has not shown that any exceptions to the filing deadline apply. Although the time for filing a motion to reopen may be excused based on ineffective assistance of counsel, *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008), Golding did not substantially comply with the procedural requirements for such a claim because he did not file a complaint with the bar regarding his prior attorney, *see Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 47 (2d Cir. 2005); *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

Moreover, his reliance on *Gonzalez v. ICE*, 416 F. Supp. 3d 995, 1020 (C.D. Cal. 2019), is misplaced. This purported change in law is not an exception to the deadline for a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing exception for changed conditions material to asylum claim); 8 C.F.R. § 1003.2(c)(3) (listing exceptions). And the decision does not otherwise provide grounds for reopening: Golding could have, but did not, challenge his detainer before the IJ, *see* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence

8

sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."); his argument is moot because he is no longer subject to a detainer but rather a final order of removal, *see Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)); and *Gonzalez* is not binding because Golding's immigration detainer was lodged in New York, not in the Central District of California.

Finally, Golding now makes a conclusory assertion that he is a U.S. citizen. The record does not reflect a plausible claim of citizenship because Golding conceded alienage more than once, and there is no evidence of U.S. citizenship beyond unauthenticated and conflicting statements in his criminal records. He has not identified how or when he could have obtained U.S. citizenship.

For the foregoing reasons, the Government's motion to consolidate is GRANTED; the lead petition for review (No. 18-772) is GRANTED, the BIA's decision denying Golding's

9

CAT claim is VACATED, and that case is REMANDED to the BIA for further proceedings; and the consolidated petition for review (No. 20-3670) is DISMISSED.  All remaining pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court